# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| REID POSTLE, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )  No. 17-cv-07179<br>) |
| v. | )  Judge Jorge L. Alonso<br>) |
| ALLSTATE INSURANCE COMPANY, | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Reid Postle, brings this putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, against defendant, Allstate Insurance Company ("AIC"). Defendant moves to dismiss. For the following reasons, Allstate Insurance Company's Motion to Dismiss is denied.

## STATEMENT

Postle complains that AIC violated the TCPA by using an autodialer to make unsolicited and pre-recorded sales calls for non-emergency purposes to the cellular phones of Postle and others in the class Postle proposes to represent. (Dkt 1, ¶ 4). Postle alleges he received one such call. In his complaint, Postle alleges the call harmed him by violating his privacy, subjecting him to an annoying and harassing call that deprived him of the legitimate use of his cell phone while he dealt with the call. (*Id.* at ¶ 55). In his response brief, Postle explains that the call harmed him by depleting his cell phone battery, wasting his time, and creating a risk of personal injury due to interruption and distraction. (Dkt 25, at 9).[1]

---

[1] When evaluating the sufficiency of a complaint, the Court can consider facts a plaintiff alleges in a brief in opposition to a motion to dismiss, so long as those facts are consistent with the complaint's allegations. *See Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015).

In support of its motion to dismiss, AIC argues Postle's allegations concerning the single phone call are insufficient to establish a concrete injury necessary to assert Article III standing. (Dkt 14, at 4). AIC argues that any injury from the single call is *de minimis* and incapable of conferring standing, as well as self-inflicted because Postle chose to spend time answering the call and obtaining information about the caller. (*Id.* at 7, 9). AIC additionally argues Postle's intangible injuries are not personal and distinct because they are shared by all victims of TCPA violations. (Dkt 26, at 8). Lastly, AIC argues that because Postle was not charged for the call, he cannot base his claim upon Section 227(b)(1)(A)(iii) of the TCPA. (*Id.* at 5).

This Court has recently considered the relevant legal principles in determining when, in the wake of the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), a plaintiff has Article III standing to assert a claim under the TCPA:

> To establish Article III standing, "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. at 1547 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The plaintiff has the burden of establishing these elements "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice" to state a claim. *Id.* To demonstrate standing, the plaintiff's "complaint must contain sufficient factual allegations of an injury resulting from the defendants' conduct, accepted as true, to state a claim for relief that is plausible on its face." *Diedrich*, 839 F.3d 588 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
>
> *Spokeo* instructs that "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S.Ct at 1548 (quoting with alteration *Lujan*, 504 U.S. at 560). "A 'concrete' injury must be '*de* facto'; that is, it must actually exist." *Spokeo*, 136 S.Ct at 1548. "'Concrete'" is not, however, necessarily synonymous with 'tangible.'" *Id.* at 1549. "Although tangible injuries are perhaps easier to recognize, . . . intangible injuries can nevertheless be concrete." *Id.* In determining whether an intangible harm constitutes a sufficiently concrete injury, "both history and the judgment of Congress play important roles." *Id.*

*Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*, No. 15-cv-9025, 2018 WL 993883, at *1-2 (N.D. Ill. Feb. 20, 2018).

Under *Spokeo*, a statutory violation confers Article III standing if it causes actual harm or "'present[s] an appreciable risk of harm to the underlying concrete interest that Congress sought to protect in enacting the statute.'" *Id.* at *2 (quoting *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017)). The TCPA "prohibits making certain kinds of telephonic contact with consumers without first obtaining their consent." *Aranda v. Caribbean Cruise Line, Inc.*, 202 F. Supp. 3d 850, 857 (N.D. Ill. 2016). Section 227 of the TCPA, "directly forbids [phone calls] that by their nature infringe the privacy-related interests that Congress sought to protect by enacting the TCPA." Therefore, "there are not some kinds of violations of section 227 that do not result in the harm Congress intended to curb." *Aranda*, 202 F. Supp. 3d at 857. In enacting the TCPA, Congress "elevated a harm that, while 'previously inadequate in law,' was of the same character of previously existing 'legally cognizable injuries'"—and a lawsuit complaining of such a harm does not run afoul of Article III's case-or-controversy requirement. *See Susinno v. Work Out World Inc.*, 862 F.3d 346, 352 (3d Cir. 2017) (quoting *Spokeo*, 136 S.Ct. at 1549).

Under these principles, Postle's allegations are sufficient to establish Article III standing. Postle's claim that his privacy was violated as a result of the call he received—the alleged TCPA violation by AIC—is sufficient, in and of itself, to establish a concrete injury under Article III. *See Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017); *Abante*, 2018 WL 993883, at *2 (collecting cases). Moreover, Postle also alleges particularized injury in addition to the statutory violation: he alleges occupation of his cell phone line, distraction by the call, and waste of time. These allegations suffice under *Spokeo*. *See, e.g., Abante*, 2018 WL 993883, at *2; *Cholly v. Uptain Group, Inc.*, No. 15 C 5030, 2017 WL 449176, at *2 (N.D. Ill. Feb. 1, 2017); *Aranda*, 202 F. Supp. 3d at 857; *Dolemba v. Ill. Farmers Ins. Co.*, 213 F. Supp. 3d 988, 993-94

3

(N.D. Ill. 2016); *see also Leung v. XPO Logistics, Inc.*, 164 F. Supp. 3d 1032, 1037 (N.D. Ill. 2015) (citing *Freedom From Religion Foundation v. Obama*, 641 F.3d 803, 807 (7th Cir. 2011) (lost time is an injury in fact)).

The Court is not persuaded by AIC's contention that because Postle alleges he received only one call, he alleges at most a *de minimis* injury insufficient to confer standing. *See Susinno*, 862 F.3d at 351-52 (finding a concrete injury under the TCPA based on one pre-recorded call); *Abante*, 2018 WL 993883, at *3 (rejecting defendant's contention that two calls—one that went to voicemail and one that was answered—were at most a *de minimis* injury insufficient to confer standing); *McCombs, D.P.M., L.L.C v. Cayan LLC*, No. 15 C 10843, 2017 WL 1022013, at *1, *4 (N.D. Ill. March 6, 2017) (finding a concrete injury under the TCPA based on one unsolicited fax); *Dolemba*, 213 F. Supp. 3d. at 991, 993-94 (holding plaintiff "alleged a particularized and concrete injury sufficient to satisfy Article III" based on one pre-recorded call). AIC's argument that any injury from the call was self-inflicted is also unconvincing. The alleged harm occurred when Postle received an unsolicited incoming call, for non-emergency purposes, that resulted in him answering the phone and waiting on the line for somebody to speak. Any subsequent action, by Postle or anyone else, does not eliminate that claimed injury.

Further, AIC is incorrect in stating Postle's intangible injuries are not personal and distinct because every victim of a TCPA violation incurs that injury. A TCPA violation imparts on an individual victim intangible harm—a violation of his or her privacy—which is *personally* felt by that victim. Although other TCPA violations impart on other victims the same *kind* of harm, the harm from each call is distinct to each victim.

Lastly, contrary to AIC's argument, Postle may assert his TCPA claim under Section 227(b)(1)(A)(iii) even if he was not charged for the call because he lacks a limited minute cell

phone plan. As noted above, tangible, economic harm is not required to establish standing under the TCPA. *See Aranda*, 202 F. Supp. 3d at 858 ("It does not matter whether plaintiffs lack additional tangible harms. . . . To determine whether such an injury occurred, a jury need not determine. . . the amount of battery life or prepaid minutes each plaintiff lost, or the charges each plaintiff incurred for the calls."). The intangible harm—intrusion upon one's privacy—is sufficient in and of itself. Accordingly, Postle's allegations are sufficient to establish Article III standing.

## CONCLUSION

For the foregoing reasons, Allstate Insurance Company's Motion to Dismiss [13] is denied.

Date: 4/17/2018

_____
Jorge L. Alonso
United States District Judge