UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REID POSTLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant, | Case No. 1:17-cv-07179<br><br><br>JUDGE JORGE L. ALONSO |

**RULE 26(F) REPORT OF THE PARTIES**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and the Court's Standing Order of June 1, 2017, Plaintiff Reid Postle ("Plaintiff") and Defendant Allstate Insurance Company ("Defendant" or "Allstate") hereby provide their joint report.

**A. ATTORNEYS OF RECORD:**

- For Plaintiff: Alexander H. Burke and Daniel J. Marovitch of Burke Law Offices, LLC; Matthew R. Wilson and Michael J. Boyle, Jr. of Meyer Wilson Co., LPA; and Jonathan Selbin, Daniel Hutchinson and Andrew R. Kaufman of Lieff Cabraser Heiman & Bernstein, LLP. Plaintiff anticipates Jonathan Selbin, Daniel Hutchinson, Alexander Burke, and Matthew Wilson will try the case.

- For Defendant: Mark L. Hanover and Kristine Schanbacher of Dentons US, LLC; and Mark J. Levin, Philip N. Yannella, Daniel Delnero and Emilia L. McKee Vassallo of Ballard Spahr, LLP. Defendant anticipates Mark J. Levin and Mark L. Hanover will try the case.

1

**B. BASIS FOR FEDERAL JURISDICTION:**

Jurisdiction is proper pursuant to both 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1331.

**C. NATURE OF THE CLAIMS AND COUNTERCLAIMS:**

Plaintiff has asserted claims pursuant to 47 U.S.C. § 227(b)(3) on behalf of a nationwide class. Defendant has not asserted any counter-claims.

**D. PARTIES TO BE SERVED:**

All parties have been served in this matter.

**E. LEGAL ISSUES:**

- Whether a class of persons similarly situated to the Plaintiff should be certified.
- Whether calls to Plaintiff and proposed class members were made with an automated telephone dialing system as defined by 47 U.S.C. § 227 *et seq.*, relevant FCC guidance and *ACA Int'l v. FCC* (D.C. Cir. March 16, 2018).
- Whether Defendant can demonstrate prior express written consent on the part of Plaintiff and class members to receive telemarketing calls.
- Whether Defendant is directly or vicariously liable for the telemarketing calls at issue.
- Whether plaintiff suffered any actual or concrete monetary or tangible injury or injury-in-fact caused by Allstate.
- Whether any purported damages suffered by plaintiff were caused in whole or in part by the legally and factually independent actions or omissions of third parties over whom Allstate has no control, authority or responsibility, and/or whether said actions or omissions of third parties constitute an intervening or superseding cause of plaintiff's alleged damages.
- Whether plaintiff could have mitigated any alleged damages and/or affirmatively sought to receive the cellular phone call at issue.
- Whether plaintiff is within the zone of interest of the TCPA.

- Whether Allstate is vicariously liable for the alleged actions of Ms. Dabbieri.

**F.  FACTUAL ISSUES:**

- The identity of the third-party lead generator who made calls to Plaintiff and class members of the type described in the complaint.
- What the third-party lead generator was attempting to sell, and whose products or services they were.
- The nature of the calling systems used by the third-party lead generator.
- Whether, and the extent to which Defendant retained, or caused or supported its agents to retain, the lead generator.
- Defendant's knowledge or lack of knowledge of illegal or potentially illegal telemarketing activity being undertaken by the third-party lead generator.
- The full record of all telemarketing calls made by the third-party lead generator who made calls to Plaintiff and class members of the type alleged in the complaint.
- Evidence that Defendant acted or did not act willfully or knowingly.

**G.  JURY TRIAL:**

Plaintiff has requested a jury trial.

**H.  MANDATORY INITIAL DISCOVERY:**

The parties exchanged mandatory initial discovery disclosures on May 17, 2018.

**I.  DISCOVERY AND SCHEDULING:**

As of this date, the parties have not completed document production pursuant to the Mandatory Initial Discovery Program, but they are meeting and conferring regarding this issue and have agreed on the terms of a proposed Confidentiality Order which will be submitted to the Court for approval this week.  On May 22 plaintiff sent Allstate a proposed plan for producing and accepting Electronically Stored Information ("ESI") and the parties will work together to try to reach a final agreement on these issues.

Once discovery under the Mandatory Initial Discovery Program has occurred, the parties will be able address additional categories of discovery including but not limited to (1) call data showing the calls made by the lead generator(s) at issue; (2) the lead generator(s) dialing systems; (3) discovery from appropriate document custodians with relevant knowledge regarding the lead generator(s)'s calling practices; and (4) discovery from plaintiff concerning the allegations of his complaint, his standing to bring this action and his adequacy to be a class representative.

The parties propose a fact discovery cut-off date of **February 22, 2019**, with staggered expert disclosures thereafter: opening reports due no later than **March 31, 2019** for the party with the burden of proof; 30 days after such disclosure for responses; 30 days thereafter for rebuttal, if any and 30 days thereafter to complete expert depositions.

Allstate requests that the Court schedule a status conference following the close of discovery to discuss the feasibility and timing of summary judgment motions.

**J.  TRIAL DATE:**

The parties believe that trial would be appropriate approximately four months after the Court rules on the Plaintiff's motion for class certification. The parties anticipate that trial would last approximately 7 days.

**K.  MAGISTRATE JUDGE:**

The parties do not unanimously consent to proceed before the Magistrate Judge.

**L.  SETTLEMENT DISCUSSIONS:**

The parties believe that settlement discussions are premature until discovery has commenced, especially discovery with regard to the third-party lead generator, whether an ATDS was used, facts concerning plaintiff, the relationship between Allstate and Ms. Dabbieri, and the size of the potential class.

**M.  SETTLEMENT CONFERENCE:**

The parties do not believe a settlement conference would be productive at this time.

                                  Respectfully submitted,

Dated: May 24, 2018                By: */s/ Matthew R. Wilson*

MEYER WILSON CO., LPA
Matthew R. Wilson (Ohio State Bar No. 0072925; admitted to the N.D. Ill. general bar)
Email: mwilson@meyerwilson.com
Michael J. Boyle, Jr. (Ohio State Bar No. 0091162; admitted to the N.D.Ill. general bar)
Email: mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

BURKE LAW OFFICES, LLC
Alexander H. Burke
Email: aburke@burkelawllc.com
Daniel J. Marovitch
Email: dmarovitch@burkelawllc.com
155 N. Michigan Avenue, Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin (admitted to the N.D. Ill. general bar)
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson (admitted to the N.D. Ill. general bar)
Email: dhutchinson@lchb.com
275 Battery Street, 29th Floor

San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
John T. Spragens (admitted to the N.D. Ill. general bar)
Email: jspragens@lchb.com
One Nashville Place
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219-2423
Telephone: (615) 313-9000
Facsimile: (615) 313-9965

*Attorneys for Plaintiff and the Proposed Class*

/s/ Mark L. Hanover
DENTONS US LLP
Mark L. Hanover
mark.hanover@dentons.com
233 South Wacker Drive, Suite 7800
Chicago, IL  60606

    and

Mark J. Levin, *pro hac vice*
Philip N. Yannella, *pro hac vice*
Daniel L. Delnero, *pro hac vice*
Emilia L. McKee Vassallo, *pro hac vice*
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
levinmj@ballardspahr.com
yannellap@ballardspahr.com
delnerod@ballardspahr.com
mckeevassalloe@ballardspahr.com

Attorneys for Defendant
Allstate Insurance Company